

**Signed and Filed: July 05, 2006**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 04-33366SFC
ENRIQUE R. SANTOS                  )
ADORACION M. QUICHO                )
                                   )
                       Debtor.     ) Chapter 13
_____)
```

MEMORANDUM DECISION ON CHAPTER 13
APPLICATION FOR COMPENSATION

I. INTRODUCTION

In this Chapter 13 case Patrick J. McNamara, Esq. ("McNamara") has filed a Chapter 13 Application For Compensation By Patrick J. McNamara (the "Application"). The matter came before the undersigned on June 14, 2006. For the reasons that follow, the Application will be denied in part and granted in part.

II. FACTS[1]

Enrique R. Santos and Adoracion M. Quicho ("Debtors") filed a Chapter 7 bankruptcy petition on December 4, 2004. On March 20, 2005, they converted their Chapter 7 case to Chapter 13. On April 16, 2005, Debtors and McNamara entered into a Fee Agreement to provide for McNamara's fees for representation of Debtors in their

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-1-

Chapter 13 case.  Pursuant to the Fee Agreement, McNamara and Debtors agreed that "time, effort & costs shall commence the day after ... [the] Ch 7 meeting of creditors date."  The Chapter 7 meeting of creditors was held on February 24, 2005.

On May 3, 2006, McNamara filed the Application, seeking compensation of $9,003.80 for services rendered and $308.63 in costs.  Debtors previously paid McNamara a $500 retainer and advanced him $219 in costs.  Between the petition date and the date of conversion, McNamara charged Debtors $3,164.20, based upon 12.17 hours at $260 per hour.  Of this amount, $1,887.20 is for work performed prior to the February 24, 2005, meeting of creditors.

III. DISCUSSION

Because by the terms of the Fee Agreement work performed prior to the date following the meeting of creditors is not compensable.  Accordingly, $1,887.20 requested in the Application must be denied.

Of the 5.6 hours charged by McNamara after the meeting of creditors and before conversion to Chapter 13, the court has reviewed the time entries and concludes that only those made on March 7, 2005, and March 17, through March 28, 2005, relate to Debtors' anticipated Chapter 13 case.  Those time entries total 1.4 hours, for a request of $364.  The balance of 4.2 hours, for a request of $1,092, pertain to Debtors' Chapter 7 case and are not compensable as expenses relating to Debtors' Chapter 13 case. Bankruptcy Code § 348(d) (11 U.S.C. § 348(d)) indicates that a claim against a debtor arising after an order for relief but before conversion, other than a claim specified in § 503(b), shall

-2-

Case: 04-33366    Doc# 58    Filed: 07/05/06    Entered: 07/06/06 12:20:13    Page 2 of 4

be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition. Since the 4.2 hours mentioned above do not pertain to the Chapter 13 case, they are not compensable under § 503(b) of the Bankruptcy Code. Thus McNamara's request for $1,097 in the Application is entitled to be allowed only as a general prepetition unsecured claim.

The balance of the post-conversion services rendered by McNamara appear proper under the circumstances and will be allowed as filed. Those services total $5,671.40. To that amount the court adds $364 as pre-conversion, Chapter 13 related charges. All of McNamara's costs may be allowed as filed.

IV. DISPOSITION

McNamara should submit two orders, one allowing him a general unsecured claim in the amount of $1,092 consistent with this Memorandum Decision and the other allowing him Chapter 13 fees of $6,035.40, and all of his costs, consistent with this Memorandum Decision, less credits for payments already received from Debtors.

**END OF MEMORANDUM DECISION**

```
 1                      COURT SERVICE LIST

 2  Patrick J. McNamara, Esq.
    769 Monterey Blvd., Ste. 5
 3  San Francisco, CA 94127

 4  Enrique R. Santos
    Adoracion M. Quicho
 5  2 Rio Verde St.
    San Francisco, CA 94134
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

Case: 04-33366   Doc# 58   Filed: 07/05/06   Entered: 07/06/06 12:20:13   Page 4 of 4